130 Cal.App.3d 788 (1982)
182 Cal. Rptr. 53
In re G.R.B., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
G.R.B., Defendant and Appellant.
Docket No. 27021.
Court of Appeals of California, Fourth District, Division Two.
April 19, 1982.
*789 COUNSEL
Malcolm S. MacMillan, Public Defender, and Richard P. Siref, Deputy Public Defender, for Defendant and Appellant.
George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield, Keith I. Motley and Lillian Lim Quon, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
GARDNER, J.[*]
Minor, a student at a public school had an altercation with a teacher and threatened to "pop" him. The juvenile court found to be true an allegation filed under Welfare and Institutions Code section 602 that minor had violated Education Code section 44811.
Education Code section 44811 provides "Every parent, guardian, or other person who upbraids, insults or abuses any teacher of the public schools, in the presence or hearing of a pupil is guilty of a misdemeanor." (1) In order to sustain this petition it is necessary that minor pupil be included within the phrase "or other person." This is not reasonable. This section together with sections 44810 and 44812 are obviously a part of a legislative scheme to protect school teachers from those who would come upon the school grounds and in the presence of pupils, cause disturbances by harassing school teachers. The phrase "or *790 other person" must be read in connection with "every parent [or] guardian." If the Legislature had intended this section to be all encompassing, it would have been very simple to provide "every person who upbraids, etc." It appears to us that the Legislature had no intention of including pupils within the phrase "or other person." Pupils are to be handled administratively or if the situation becomes acute, recourse may be had through various provisions of the Penal Code. We cannot read a pupil into the phrase "other person." Parents, guardians and other persons are a class. Pupils constitute another class.
Judgment reversed.
Kaufman, Acting P.J., and McDaniel, J., concurred.
Respondent's petition for a hearing by the Supreme Court was denied June 16, 1982.
NOTES
[*] Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.